NOT DESIGNATED FOR PUBLICATION

No. 119,163

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VALENTIN A. PEREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed August 17, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Valentin A. Perez appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Perez' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On October 25, 2017, Perez pled guilty to one count of distribution of methamphetamine. On December 8, 2017, the district court sentenced Perez to 103 months' imprisonment but granted a dispositional departure to probation for 36 months to be supervised by community corrections.

1

At a hearing on February 16, 2018, Perez admitted to violating the conditions of his probation by: (1) violating curfew; (2) committing the offense of driving with a suspended license; and (3) committing the offense of driving without proof of insurance. According to Perez, these violations stemmed from a late-night decision to purchase fast food for his mother who was battling cancer. Perez' probation officer and the prosecutor both recommended a "quick dip" jail sanction for the probation violations. However, the district court revoked Perez' probation and ordered him to serve a modified sentence of 92 months' imprisonment because Perez committed new crimes on probation and because his original sentence was a dispositional departure. Perez timely appealed.

Perez claims the district court erred in revoking his probation. He concedes the district court was allowed to bypass intermediate sanctions because he committed new crimes while on probation. But Perez argues that his probation violations were minor and related to a single incident of poor judgment. He asserts that the court's decision to impose a 92-month prison sentence for those violations was unreasonable.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

Here, the district court revoked Perez' probation after finding that he had committed new crimes while on probation. The district court also noted that Perez originally received probation as the result of a dispositional departure. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) and K.S.A. 2017 Supp. 22-3716(c)(9)(B). This latter provision became effective on July 1, 2017. The district court explained to Perez that he was convicted of a serious crime and that the court took a chance by placing him on probation in the first place. Although the judge could have given Perez another chance at probation, he chose not to do so because it did not appear to the court that Perez was taking his probation seriously. The district court showed some leniency by lowering Perez' prison sentence to 92 months. The district court's decision to revoke Perez' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Perez has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.